IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Deborah L. Maddox, | ) | Civil Action No. 8:07-3696-HFF-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **SUPPLEMENTAL REPORT AND** |
| Michael J. Astrue, | ) | **RECOMMENDATION** |
| Commissioner of Social Security, | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).

The plaintiff, Deborah L. Maddox, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration regarding her claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

The undersigned has already recommended that the findings of the ALJ, in this case, were not supported by substantial evidence.[1] [Doc. 27.] The Court, however, held open the issue of whether or not to recommend a remand for further consideration of the effect of Dr. James Bland's controlling opinion on the disability determination **or** to award benefits outright.

To that end, the Court requested from the parties additional briefing concerning the application of the Medical Vocational Guidelines based on the Residual Functional Capacity assessment made by Dr. Bland. Said more directly, the undersigned was interested in the opinion of the parties as to whether the Medical Vocational Guidelines dictated a particular disability outcome in this case, once Dr. Bland's opinion was fully credited.

---

[1] That recommendation is fully incorporated, herein, by specific reference.

While not harmonious in their recommendation to the Court, it is clear from the parties' responses that the Guidelines do not control, for the presence of exertional and non-exertional limitations. [See Docs. 30, 31.] Accordingly, the Court agrees with the defendant that additional consideration is required of the ALJ and, further, that vocational expert testimony may be necessary. The Court is exceedingly loathe to do it insofar as one remand has already been had in this case. Notwithstanding, the Court will not usurp the authority delegated to the ALJ in regards to the ultimate disability determination and substitute its own judgment. A remand is required.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court makes the supplemental recommendation that the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§405(g) and 1381(c)(3), with a remand of the cause to the Commissioner for further proceedings as set forth above. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 6, 2009
Greenville, South Carolina